UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------- x
ALISON LORRAINE HATHEWAY,                    :
                                              :
                          Plaintiff,          :
                                              :           **ORDER GRANTING**
        -against-                             :           **MOTION TO DISMISS**
                                              :
JUSTIN P. LOISELLE, et al.,                   :           24-CV-1132 (VDO)
                                              :
                          Defendants.         :
------------------------------------------------------------- x

**VERNON D. OLIVER**, United States District Judge:

After losing title to a parcel of real property in Deep River, Connecticut, at 112 Cedar Swamp Road (the "Property"), Plaintiff Alison L. Hatheway, proceeding *pro se*, brought this action against the current owners of that property, Justin P. Loiselle and Kimberly G. Loiselle (together, "Defendants"). She alleges state law claims of trespass, illegal possession, reliance on false warranty deed, interference with commerce, and unjust enrichment. Now before the Court is Defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3). For the reasons that follow, the motion to dismiss is **granted**.

I.      **BACKGROUND**

        A.      **Foreclosure Action**

        A strict judgment of foreclosure was entered against Plaintiff and Daniel Hatheway (together, "the Hatheways") in state court,[1] allowing the Bank of New York Mellon ("BNY")

---

[1] The Court may take judicial notice of actions and proceedings in other courts to establish the fact of such litigation and related filings. *Massie v. Wells Fargo Bank, N.A.*, 734 F. Supp.3d 196, 198 n.1 (D. Conn. 2024) (citing *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006)).

to foreclose on the Property. In March 2016, BNY commenced a foreclosure action against the Hatheways in Connecticut Superior Court (the "Foreclosure Action").[2] On October 2, 2017, the state court entered judgment of strict foreclosure.[3] Plaintiff then moved to open judgment and filed notices of appeal.[4]

By the end of 2018, BNY obtained title to the Property, divested the Hatheways of possession, and was successful in defending the judgment on appeal. On June 20, 2018, BNY filed an application for the state court to issue an ejectment order.[5] On July 9, 2018, the state court issued the Execution for Ejectment, which began the eviction process under Connecticut General Statute Section 49-22.[6] Plaintiff's motion to open judgment was denied by the state court, and the appeals were ultimately dismissed.[7]

**B.    The Invalidation Action**

Following the Foreclosure Action, judgment was again issued against Plaintiff in state court, which invalidated Plaintiff's filings on land records related to the Property. In December 2018, BNY filed a petition to invalidate false filings by the Hatheways on land records related to the Property in Connecticut Superior Court (the "Invalidation Action").[8] The state court entered judgment against Plaintiff and issued orders declaring invalid the records filed by Plaintiff as falsely filed and enjoining Plaintiff from creating a lien or recording a security

---

[2] *The Bank of N.Y. Mellon FKA the Bank of N.Y. v. Hatheway, Alison, A/K/A Alison L. Hatheway A/K/A A Et Al*, Docket No. MMX-CV-16-6015267-S.
[3] Foreclosure Action, Entry No. 157.00.
[4] *Id.* at Entry Nos. 160.00, 168.00, 189.00.
[5] *Id.* at Entry No. 192.00.
[6] *Id.* at Entry No. 194.00.
[7] *Id.* at Entry No. 195.00.
[8] *Bank of N.Y. Mellon v. Hatheway*, No. HHBCV185024637S, 2019 WL 4858296, at *1 (Conn. Super. Ct. Sept. 9, 2019).

interest of any kind against the Property.[9] On June 8, 2021, the Appellate Court affirmed the judgment.[10]

### C.    The Current Lawsuit

On July 1, 2024, Plaintiff filed the Complaint in this action.[11] After defense counsel appeared filed a notice of appearance, Plaintiff moved to disqualify counsel,[12] which this Court denied in October 2024.[13] Also in October 2024, Defendants filed a motion to dismiss,[14] which Plaintiff opposed on November 17, 2024.[15]

## II.    <u>LEGAL STANDARD</u>

### A.    Rule 12(b)(1)

"A district court properly dismisses an action under [Federal Rule of Civil Procedure] 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it, such as when the plaintiff lacks constitutional standing to bring the action." *Cortlandt St. Recovery Corp. v. Hellas Telecomms.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (internal citations omitted). "A Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial or fact-based." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). When the Rule 12(b)(1) motion is facial, "*i.e.*, one 'based solely on the allegations of the complaint or the complaint and exhibits attached to it,' plaintiffs have no evidentiary burden, for both parties can be said to rely solely on the facts as alleged in the

---

[9] Invalidation Action, Entry Nos. 132.00, 133.00, 134.00.
[10] *Bank of N.Y. Mellon v. Hatheway*, 251 A.3d 100 (Conn. App. Ct. 2021)
[11] Compl., ECF No. 1.
[12] Mot. to Disqualify Counsel, ECF No. 24.
[13]  Ord. Denying Mot. to Disqualify Counsel, ECF No. 26.
[14] Mot. to Dismiss, ECF No. 29.
[15] Obj., ECF No. 31.

plaintiffs' pleading." *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 119 (2d Cir. 2017) (quoting *Carter*, 822 F.3d at 57). The pleading must "show[] by a preponderance of the evidence that subject matter jurisdiction exists." *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003). In considering a Rule 12(b)(1) motion to dismiss for lack of standing, courts in this Circuit construe "the complaint in [the] plaintiff's favor and accept[] as true all material factual allegations contained therein." *Donoghue v. Bulldog Invs. Gen. P'ship*, 696 F.3d 170, 173 (2d Cir. 2012).

"Alternatively, a defendant is permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the [p]leading." *Carter*, 822 F.3d at 57 (internal citations omitted). "It is only where 'jurisdictional facts are placed in dispute' that the court has the 'obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.'" *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 442 (2d Cir. 2022) (quoting *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)). "If the extrinsic evidence presented by the defendant is material and controverted, the district court will need to make findings of fact in aid of its decision[.]" *Carter*, 822 F.3d at 57.

### B.    Rule 12(b)(6)

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Loc. 649 Annuity Tr. Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a Rule 12(b)(6) motion, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal quotations omitted). "[T]he court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief." *Leonard v. Gen. Motors L.L.C.*, 504 F. Supp. 3d 73, 83 (D. Conn. 2020).

Documents filed *pro se* must be liberally construed and "interpret[ed] to make 'the strongest arguments that they suggest.'" *Wiggins v. Griffin*, 86 F.4th 987, 996 (2d Cir. 2023) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Even in a *pro se* case, however, 'although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (internal quotations omitted).

III.    **DISCUSSION**

A.    ***Rooker-Feldman* Doctrine**

The *Rooker-Feldman* doctrine deprives a federal court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review of those judgments." *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010) (quotations omitted). "*Rooker-Feldman* directs federal courts to abstain from considering claims when four requirements are met: (1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." *Id.* Underlying the *Rooker-Feldman* doctrine is the recognition that "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments[.]" *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d. Cir. 2005).

The four requirements for *Rooker-Feldman* are present in this case because the gravamen of the claims here involves whether BNY obtained title to the Property. Plaintiff alleges that because BNY never obtained rights or interest in the Property, BNY could not have validly sold the property to Defendants. Therefore, Plaintiff contends, Defendants must vacate the Property and compensate Plaintiff in the amount of five hundred thousand dollars.[16] Plaintiff necessarily asks this Court to review the issues of ownership and right of occupancy in the Property, which meets the substantive requirements of *Rooker-Feldman* and shows this dispute as "inextricably intertwined" with the state court judgments. *Kropelnick v. Siegel*, 290 F.3d 118,

---

[16] Compl at 26.

128 (2d Cir. 2002). First, Plaintiff lost as a defendant in state court when judgments were entered against her in the Foreclosure Action and the Invalidation Action. Second, the injuries alleged by Plaintiff were caused by the state court judgments. Third, while Plaintiff claims that this is not a foreclosure action, she seeks to have Defendants relinquish all claims to the Property and to have the Property returned to her, which makes clear that this is really an attempt to relitigate a foreclosure action.[17] Fourth, the state court issued judgments years before Plaintiff commenced the instant action. As such, *Rooker-Feldman* divests this Court of jurisdiction over this action.

### B.    Collateral Estoppel

Alternatively, even if Plaintiff's claims did not run afoul of *Rooker-Feldman*, her claims are precluded by the doctrine of collateral estoppel.

Issue preclusion, also known as collateral estoppel, "precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 411 (2020). Under Connecticut law, "[a]n issue decided against a party in a prior proceeding may not be relitigated if: (1) it was 'fully and fairly litigated in the first action'; (2) it was 'actually decided'; and (3) the decision was 'necessary to the judgment.'" *Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 32 (2d Cir. 2017) (quoting *Lighthouse Landings, Inc. v. Conn. Light & Power Co.*, 15 A.3d 601 (Conn. 2011)). "An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined . . . . An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly

---

[17] Compl. at 26.

rendered." *Solon v. Slater*, 287 A.3d 574, 586–87 (Conn. 2023) (emphasis omitted). Connecticut has "abandon[ed] the 'mutuality of parties' rule, which held that both parties in a subsequent litigation needed to be the same as, or in privity with, the parties in a prior litigation in order for collateral estoppel to apply." *Trikona Advisers Ltd.*, 846 F.3d at 34.

Plaintiff's most recent attempt to bring a case in this District is illustrative. In *Sonlight v. Milardo*, No. 21-CV-1628-OAW, 2022 WL 3576650 (D. Conn. Aug. 19, 2022), Hatheway, purporting to be a trustee of a trust named Sonlight, alleged that Sonlight was the sole title holder for the Property and brought several state law claims against the state marshal who executed the ejectment order in the Foreclosure Action. *Id.* at 1-2. The *Sonlight* Court noted that the "claims Plaintiff conceivably could assert would require the court to determine whether Plaintiff was the sole titleholder to the Deep River property[,]" which "was raised in the underlying foreclosure action . . . and the state court needed to resolve the issue in order to resolve the merits of the foreclosure action as a whole." *Id.* at *4. The court then concluded that the doctrine of issue preclusion "would prevent the court from making the necessary determination of lawful ownership of the property in question." *Id.*

So too in the present case: There, as here, "Plaintiff may not relitigate the issue of ownership under the guise of a subsequent injury." *Id.* The conditions for collateral estoppel are likewise satisfied here: The present action involves claims premised on issues fully and fairly litigated and necessarily determined in the state court actions. The record conclusively shows that issues involving BNY's title to the Property—including, for example, claims regarding the validity of the foreclosure, the divestment of Plaintiff's property interest, and the ability of BNY to sell the Property following foreclosure—were necessarily determined in the Foreclosure Action and Invalidation Action.

In the Foreclosure Action, the issues of whether Plaintiff had title when BNY commenced foreclosure, and of whether Plaintiff was divested of title to the Property, were facts essential to the judgment of strict foreclosure. In the Invalidation Action, the issue of whether BNY could properly sell the Property was essential to the judgment that Plaintiff's filings on the land records were invalid. After holding a hearing on the merits of the petition and reviewing post-trial briefs, the state court found in the Invalidation Action that Plaintiff "has simply refused to accept the judgment of the court in the 2016 foreclosure" and that Plaintiff's "purpose in her various filings on the land records is to injure and harass the bank and interfere with its right to sell the property."[18]

Therefore, even though the Court construes Plaintiff's claims liberally, her claims against Defendants involving the Property are barred by collateral estoppel.

IV.    **CONCLUSION**

Accordingly, Defendants' motion to dismiss is **granted**. Plaintiff's case is dismissed for lack of subject matter jurisdiction, or alternatively as barred by collateral estoppel. At its core, Plaintiff's claims involve challenges to state court judgments. Leave to amend is denied as futile as there is no possibility that an amended complaint would succeed in stating a claim where, as here, *Rooker-Feldman* and collateral estoppel wholly prevent the Court from reviewing her challenges to the state court proceedings. The Complaint is dismissed with prejudice and the Clerk of Court is directed to enter judgment and close this action.

**SO ORDERED.**

---

[18] *Bank of N.Y. Mellon*, 2019 WL 4858296, at *2, *17.

Hartford, Connecticut
June 23, 2025

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge